UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>     Plaintiff,<br><br>v.<br><br>CHEN LIN dba EIVVFIE, an unknown business entity, and JOHN DOES 1-10, unknown persons,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE BY ALTERNATE MEANS UNDER RULE 4(f)(3) (DOC. NO. 7)**<br><br><br>Case No. 2:22-cv-00664<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff DP Creations, LLC dba Bountiful Baby ("Bountiful Baby") filed a Motion for Service by Alternate Means.[1]  Bountiful Baby alleges Chen Lin dba Eivvfie ("Eivvfie") makes and sells unauthorized copies of its copyrighted sculptures on Amazon, an online marketplace.[2]  Bountiful Baby seeks leave to serve Eivvfie (which it believes to be a foreign individual doing business as an unknown foreign entity, located in China) "by other means not prohibited by international agreement."[3]  Because service by email is reasonably calculated to provide Eivvfie with actual notice of this action, Bountiful Baby's motion is granted.

<u>LEGAL STANDARDS</u>

Rule 4(h) of the Federal Rules of Civil Procedure governs service of a "foreign corporation, or a partnership or other unincorporated association that is subject to suit under a

---

[1] ("Mot.," Doc. No. 7.)

[2] (*Id.* at 2, 4.)

[3] (*Id.* at 4 (quoting Fed. R. Civ. P. 4(f)(3)).)

common name."[4]  It directs that such entities may be served outside the United States in the manner prescribed by Rule 4(f), which governs service of an individual located outside the United States.[5]  Rule 4(f) permits such individuals to be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.[6]

Bountiful Baby seeks to serve Chen Lin "doing business as" Eivvfie.  A "dba" is not a separate legal entity distinct from the underlying individual or entity; it is merely descriptive of that individual or entity.[7]  Because of this, the same rules apply whether Chen Lin is an individual or an entity.

<u>DISCUSSION</u>

Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3).[8]  The relevant inquiry under Rule 4(f)(3) is whether the requested

---

[4] Fed. R. Civ. P. 4(h).

[5] *See* Fed. R. Civ. P. 4(h)(2).

[6] Fed. R. Civ. P. 4(f).

[7] *See Am. Fam. Mut. Ins. Co. v. Teamcorp., Inc.*, 659 F. Supp. 2d 1115, 1132 (D. Colo. 2009); *Morrison v. Clear Mgmt. Sols.*, No. 1:17-cv-51, 2019 U.S. Dist. LEXIS 3070, at *21 (D. Utah Jan. 4, 2019) (unpublished).

[8] *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15 (9th Cir. 2002); *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished).

method of service is "prohibited" by international agreement, including the Hague Convention.[9]

Bountiful Baby requests leave to complete service by email.[10]  The Hague Convention does not

expressly prohibit service by email, and courts in this district and other jurisdictions have

permitted service by email under Rule 4(f)(3).[11]  Thus, the method of service requested by

Bountiful Baby is not prohibited by international agreement.

    A method of service authorized under Rule 4(f)(3) must comport with constitutional

notions of due process, meaning it must be "reasonably calculated to provide notice and an

opportunity to respond."[12]  Based on the evidence presented in Bountiful Baby's motion, service

by email to Eivvfie is reasonably calculated to provide Eivvfie with notice of this action and an

opportunity to respond.  Bountiful Baby presented evidence that Eivvfie provided Amazon with

an email address (469312201@qq.com) in response to Bountiful Baby's notice of alleged

---

[9] *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props.*, 284 F.3d at 1015 n.4; *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *9.

[10] (Mot. 1, 4, Doc. No. 7.)

[11] *See The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *10–11; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 U.S. Dist. LEXIS 31299, at *5–6 (N.D. Cal. April 17, 2007) (unpublished).  China has objected to Article 10 of the Hague Convention, which permits service "by postal channels, directly to persons abroad" only if the "State of destination does not object."  20 U.S.T. 361, art. 10(a); Hague Conference on Private International Law website, https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=393&disp=resd n (translation of China's declaration of opposition to Article 10).  Courts are split as to whether a country's objection to Article 10(a) is an objection to service by email, but most have concluded it does not equate to an objection to email service.  *See The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *10 (D. Utah Oct. 29, 2020) (unpublished).

[12] *The Neck Hammock, Inc.*, 2020 U.S. Dist. LEXIS 202808, at *12 (quoting *Rio Props.*, 284 F.3d at 1017); *see also Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-cv-02754, 2012 U.S. Dist. LEXIS 5166, at *10 n.1 (D. Colo. Jan. 17, 2012) (unpublished) ("Many courts have also required that the plaintiff make some showing that it is reasonably likely that the defendant will actually receive email communications at the email address in question.").

copyright infringement.[13]  Service by email to this email address is reasonably calculated to provide Eivvfie with actual notice of this action.  Accordingly, service via the requested method comports with due process as required under Rule 4(f)(3).

Bountiful Baby's motion for alternate service[14] is granted and Bountiful Baby is ordered to serve Chen Lin dba Eivvfie as follows:

1. By emailing the summons, the operative complaint, and a copy of this order to Chen Lin dba Eivvfie at 469312201@qq.com three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Chen Lin dba Eivvfie acknowledging receipt of service);

2. The subject line of each email shall include, "Service of Federal Court Summons and Complaint as Ordered by the Court";

3. Upon completion of these steps service shall be deemed complete, and Bountiful Baby shall file proof of compliance with the court's order.

DATED this 11th day of January, 2023.

BY THE COURT:

Dapline A. Oberg
United States Magistrate Judge

---

[13] (*See* Mot. 4, Doc. No. 7; Ex. C to Compl., Doc. No. 2-3.)

[14] (Doc. No. 7.)